## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| TIRAN JENKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.  15-cv-1307 |
| ) | |
| JEFFREY KRUEGER, WARDEN, ) | |
| ) | |
| Respondent. ) | |

# O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner Tiran Jenkins's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) and Motion to Transfer (Doc. 3). For the reasons that follow, Petitioner's Motion to Transfer (Doc. 3) is denied and the Petition (Doc. 1) is dismissed. If Petitioner wishes for this issue to be heard, he must first obtain certification from the Seventh Circuit Court of Appeals to file a second or successive § 2255 motion. *See* 28 U.S.C. § 2244(b)(3); 2255(h)(2).

### BACKGROUND AND PROCEDURAL HISTORY

On July 8, 2010, Petitioner Tiran Jenkins pleaded guilty to committing armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d); using a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c); and possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). (*See* Doc. 1 at 2; Doc. 35, *United States v. Jenkins*, No. 3:11-cv-00747-wmc (W.D. Wisc. July 8, 2010)). On September 2, 2010, Judge William Conley of the Western District of Wisconsin

sentenced Petitioner to serve a mandatory minimum 15-year term of imprisonment as an armed career criminal pursuant to 18 U.S.C. § 924(e), followed by a consecutive mandatory minimum 7-year term for using a firearm to commit a violent crime. (No. 3:11-cv-00747-wmc, Doc. 68 at 2). The Court's sentence was based on the fact that Jenkins had three prior convictions that met the definition of a "violent felony" pursuant to the Armed Career Criminal Act ("ACCA"): he had twice been convicted of burglary of a dwelling, and once been convicted of vehicular flight to elude police. *See Jenkins v. United States*, No. 11-cv-747-wmc, 2013 WL 4782779, at *1 (W.D. Wisc. Sept. 6, 2013). On direct appeal, Petitioner argued that his punishment should not have been enhanced under the ACCA because his conviction for vehicular flight from police should not have been considered a violent felony under the statute. *Id.* at 2. The Seventh Circuit rejected this argument and affirmed Petitioner's sentence. *See United States v. Jenkins*, 417 F. App'x 548 (7th Cir. March 30, 2011).

In October of 2012, Petitioner filed a § 2255 Motion to vacate, set aside, or correct his sentence, in which he argued that the sentencing court misapplied the Sentencing Guidelines in determining his sentence. *See Jenkins*, 2013 WL 4782779, at *1. He also argued that his convictions for burglary and his conviction for vehicular flight to elude police do not constitute "violent felonies" as defined in the ACCA. *Id.* at *2. The Court denied Petitioner's motion on September 6, 2013. *Id.* at *4.

Petitioner now brings this pending petition pursuant to 28 U.S.C. § 2241, and argues that he must be resentenced in the aftermath of *Johnson v. United States*,

135 S. Ct. 2551 (2015). *Johnson* addressed the constitutionality of one clause of the Armed Career Criminal Act ("the ACCA"). Under the ACCA, "a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony.'" *Id.* at 2555. The statute defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year . . . that – (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The last clause of § 924(e)(2)(B)(ii) – "or otherwise involves conduct that presents a serious potential risk of physical injury to another" – has become known as the residual clause. In *Johnson*, the Supreme Court held that this clause violates due process because it is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. Petitioner argues that in light of *Johnson*, none of the predicate offenses the sentencing court relied upon to find that he was subject to an enhanced sentence under the ACCA qualify as violent felonies. (Doc. 1 at 4).

## DISCUSSION

The Court, in its discretion, applies the Rules Governing Section 2254 Cases in the United States District Courts to this case. *See* Rules Governing Section 2254 Cases in the United States District Courts, R 1(b).[1] This includes Rule 4, which requires that the Court "promptly examine" the Petition, and dismiss it if it "plainly

---

[1] *See also Poe v. United States*, 468 F.3d 473, 477 n.6 (7th Cir. 2006); *Hudson v. Helman*, 948 F. Supp. 810, 811 (C.D. Ill. 1996) (holding Rule 4 takes precedence over the deadlines in 28 U.S.C. § 2243 and gives court discretion to set deadlines).

3

appears . . . that the petitioner is not entitled to relief." Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the Petition and concludes that Petitioner's § 2241 claim is not cognizable.

Federal prisoners like Petitioner who wish to collaterally attack their convictions or sentences ordinarily must do so under 28 U.S.C. § 2255. *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). They may petition under 28 U.S.C. § 2241 only in the rare circumstance in which the remedy provided under § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (which is often referred to as "the Savings Clause"). The mere fact that Petitioner's claim would be a second or successive § 2255 motion does not render § 2255 inadequate or ineffective. *See In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998).

In *Davenport*, the Seventh Circuit articulated three conditions that a petitioner must meet in order to invoke the Savings Clause on the basis of a change in law. *Id.* at 610-612. These conditions were recently summarized in *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013), another case in which a petitioner brought a § 2241 petition based upon a Supreme Court decision interpreting the residual clause of the ACCA. First, a prisoner "must show that he relies on a statutory-interpretation case rather than a constitutional case;" second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough

error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Id.* at 586 (citations omitted)(internal quotation marks omitted).

Here, Petitioner stumbles on the first requirement. Certain previous Supreme Court decisions limiting the reach of the ACCA's residual clause were statutory in nature. For example, in *Begay v. United States*, 553 U.S. 137 (2008), overruled by *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court interpreted the ACCA's residual clause and concluded that driving under the influence of alcohol does not constitute a violent felony. *Id.* at 144-45. The Seventh Circuit later held that prisoners utilizing § 2241 to challenge their convictions based on *Begay* could do so in part because *Begay* was a statutory-interpretation case (rather than a constitutional case), and § 2255 provides no remedy for second or successive petitions based on new rules of statutory law. *See Caraway*, 719 F.3d at 586-87; *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *see also* 28 U.S.C. 2255(h)(2). However, Petitioner bases his challenge on the Supreme Court's recent decision in *Johnson*, which (unlike *Begay*) announced a new constitutional rule: "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2563; *see also Price v. United States*, No. 15-2427, 2015 WL 4621024, at *1 (7th Cir. Aug. 4, 2015)(holding that *Johnson* "announces a new substantive rule of constitutional law that the Supreme Court has categorically made retroactive to final convictions.").

In this case, § 2255 provides Petitioner with a limited remedy. Second or successive petitions are appropriate when the appropriate court of appeals certifies

that it contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). *See also, Price*, 2015 WL 4621024 (authorizing a second or successive § 2255 petition based on *Johnson*). Because Petitioner relies upon a new rule of constitutional law, he must bring his challenge pursuant to § 2255 rather than § 2241.

Petitioner seems to recognize as much in his Motion to Transfer. (Doc. 3). In it, he requests that the Court "transfer [his] § 2241 Petition to the Court of Appeals for the Seventh Circuit for certification to file a successive § 2255 Motion" in light of the Seventh Circuit's holding in *Price*. (*See id.* at 1). In support of this request, Petitioner cites to *United States v. Prevatte*, 300 F.3d 792 (7th Cir. 2009). In *Prevatte*, the Seventh Circuit construed a document that the petitioner referred to as a motion to recall mandate and the district court construed as a second or successive motion pursuant to 28 U.S.C. § 2255 as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Id.* at 797-99. Because the Petitioner was incarcerated in Colorado, the Court concluded that it did not have jurisdiction over the § 2241 petition and transferred it to the District of Colorado pursuant to 28 U.S.C. § 1631. *Id.* at 799-802.

Petitioner's Motion to Transfer must be denied. Although the Seventh Circuit has demonstrated a willingness to re-characterize collateral attacks and transfer pending petitions or motions to the proper court to entertain them, *see id.*, its willingness has not extended to petitions initially filed under § 2241. In *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007), the Seventh Circuit held that district

courts should not re-characterize § 2241 petitions as § 2255 motions because "judges must respect the plaintiff's choice of statute to invoke . . . and give the action the treatment appropriate under that law." *See also Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009). Here, where Petitioner is in federal custody at FCI Pekin, which is located within this district, and filed the Petition against his custodian, this is "a genuine proceeding under § 2241." *See Collins*, 510 F.3d at 667. Therefore, the Court will not re-characterize it in order to send it to the Seventh Circuit. *See id.*

## CONCLUSION

For these reasons, the Court finds Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2241. Moreover, it finds that it cannot transfer Petitioner's case to the Seventh Circuit. Therefore, Petitioner's Motion to Transfer (Doc. 3) is DENIED and the Petition (Doc. 1) is DISMISSED. IT IS SO ORDERED.

CASE TERMINATED.

Entered this 11th day of August, 2015.

                                              s/Joe B. McDade
                                              JOE BILLY McDADE
                                              United States Senior District Judge